Bristol v. Fischel.

---

ISAAC S. BRISTOL, Respondent, v. MARTHA E. FISCHEL et al., Appellants.

**St. Louis Court of Appeals, October 31, 1899.**

1. **Practice, Appellate:** APPEAL: WRIT OF ERROR. When a case comes to the court of appeals neither by appeal nor writ of error, it must be stricken from the docket.

2. ———: ———: ———: JUDICIAL NOTICE. This court will take judicial notice of the acts of the mayor of the city of St. Louis in removing the superintendent of the House of Refuge from office upon charges preferred before the mayor, as the judgment of removal was affirmed in this court.

Appeal from the St. Louis City Circuit Court.—*Hon. L. B. Valliant*, Judge.

ORDERED STRICKEN FROM THE DOCKET.

*B. Schnurmacher* and *Charles C. Allen* for appellant.

(1) Appellants, as commissioners on charitable institutions, had the power by unanimous vote (and upon sufficient charges, notice and hearing), to remove respondent from his office. Charter of St. Louis, art. 4, sec. 49; Laws of 1873, p. 353, relating to House Refuge; State ex rel. v.

Brown, 57 Mo. App. 199. (2) In *certiorari* the court or body to whom the writ is directed, should be permitted to appear and be heard in opposition to the prayer of the writ. The modern and principal office of the writ is to bring before the superior court the proceedings of an inferior court, or other body acting judicially, after judgment, so that the superior court may, from the face of the record, determine whether jurisdiction was vested in the trial body; if so, whether it was exceeded or abused, and whether the proceedings were regular. The inferior court being thus directly assailed, and being a party to the writ and proceeding, should have an opportunity of defending against the charge of abuse of power and irregularity. In every reported case this privilege has been accorded without question, and none can be found where the right was refused. State ex rel. v. Madison Co. Court, 136 Mo. 323; Ward v. Board of Equalization, 135 Mo. 309; State ex rel. v. Dobson, 135 Mo. 1; State ex rel. v. Walbridge, 123 Mo. 524; State ex rel. v. Slover, 113 Mo. 202; Railway Co. v. Young, 96 Mo. 39.

No brief filed for respondent.

BOND, J.—On the first day of April, 1895, Isaac Bristol was appointed by the then mayor of this city to be superintendent of the House of Refuge for a term of four years thereafter. Said appointment was duly confirmed by the city council. On the twelfth day of March, 1896, the board of commissioners on charitable institutions made charges and specifications of misconduct on the part of said Bristol in his official capacity, and required him to show cause why he should not be removed from office therefor. He thereupon filed certain exceptions and objections and also made answer to said charges and specifications. After a hearing said board entered an order for his removal from office and notified him of such decision, and also notified the mayor of the city and requested the latter to fill the vacancy thus occasioned. There-

upon said Bristol sued out a writ of *certiorari* in the circuit court of the city of St. Louis for the purpose of quashing said proceedings before the board of commissioners on charitable institutions. To this writ the said board made a return certifying to the circuit court the record of all proceedings before said board. Upon a trial in the circuit court a ruling was made denying the right of the board of charity commissioners to be represented by counsel on such trial. Exceptions were saved to this ruling. The circuit court then gave judgment quashing the proceedings before the board of commissioners on charitable institutions and taxing the costs against relator Bristol. This taxation of costs was upon the theory that the record did not show who preferred the charges and also in accordance with the previous ruling of the circuit court that the board of charity commissioners had no right to be heard in support of the legality and validity of the proceedings before that body. The circuit court further refused to permit a motion for new trial filed by the board of charity commissioners to be filed and did not grant the appeal prayed by that body from the judgment of the circuit court.

1. The record in this case was filed in the supreme court, which tribunal transferred it to this court. As this case is not here either by appeal or writ of error, it must be stricken from our docket. But even if it were properly before us for review, it would present nothing whereon this court could make an enforcible judgment, for we know judicially that subsequent to the proceedings shown in this record the relator herein upon valid charges preferred before the mayor of this city on February 9, 1897, was removed from the office of superintendent of the House of Refuge, and that said judgment of removal was affirmed in this court. State ex rel. v. Walbridge, 69 Mo. App. 657. We further know judicially that the time for which he was originally appointed to that office has expired. Any order which this court might make in the present proceeding would therefore be nugatory

and non-enforcible.   Since the status of the respondent can not be further changed, the questions raised by the rulings of the circuit court on the trial of this proceeding have moot points which appellate courts do not sit to decide.   It is therefore ordered that this proceeding be stricken from the docket. All concur.