## CARDER et al., Appellants, v. CULBERTSON.

1. **Probate Court**: SALE OF MINOR'S REAL ESTATE: JURISDICTION : STATUTE. The probate court had no jurisdiction to sell real estate of a minor for less than three-fourths of its appraised value in contravention of General Statutes, 1865, page 469, section 30.

2. ——: ——: ——. A deed showing such non-observance of the statute is void on its face.

*Appeal from Carroll Circuit Court.*—HON. J. M. DAVIS, Judge.

REVERSED AND REMANDED.

*J. W. Sebree* and *Prosser Ray* for appellants.

(1) The curator's deed and judgment of approval by the probate court are not merely erroneous and valid until corrected and disaffirmed, but are void on

their face and *ab initio*.   Stat. 1865, secs. 30, 469; R. S. 1879, secs. 2586–8; *Hancock v. Hubbard*, 19 Pick. 167; *Shriver v. Lynn*, 2 How. 60; *Farrow v. Dean*, 24 Mo. 16; *Beal v. Harmon*, 38 Mo. ——; *Watts v. Pond*, 4 Met. [Ky.] 61; *Woodcock v. Bowman*, 4 Met. [Ky.] 40; *Bell v. Clark*, 2 Met. [Ky.] 573.   (2) The order of approval by the probate court, at most, cures only the irregularities in the mode of making the sale, but can add nothing to the authority of the sheriff to make it. The sheriff acts by virtue of a power, and if the power does not exist no title passes.   *Wills v. Chandler*, 9 Rep. 808; *Laral v. Rowley*, 17 Ind. 36.   (3) The court had no authority to entertain a question of a sale of such lands at less than three-fourths the appraised value, for which only it had the legislative authority,   Tyler Inf. Cov., secs. 193, 296; *Rogers v. Dill*, 6 Hill, 415–417; *Onderdank v. Matt*, 34 Barb. 106. (4) The whole proceedings were void.   Freeman, Jud. Sales, secs. 10–29–30; *Miller v. Miller*, 10 Tex. 319; *Washington v. McCoughan*, 34 Miss. 304.   (5) The action of the court in approving said sale was non-judicial.   Freeman, Jud. Sales, secs. 10–12–29–31; *Newcomb v. Smith*, 5 O. 448; *Sanford v. Granger*, 12 Barb. 392.   (6) If the probate court has a general jurisdiction over the persons and estates of minors, it has only a limited jurisdiction to sell the minor's lands, for his education.   (7) The general power and jurisdiction to order the sale of such lands for the purpose of education is limited expressly to a sale for three-fourths the appraised value.   (8) The question here is not one which the probate court has the general power and jurisdiction to decide and may, therefore, decide correctly or incorrectly, but is one in which the legislative decision is mandatory and which the probate court cannot decide at all.   The parties could not bring such a sale before the court or invoke consideration thereof or decision thereon.   (9) The special power to divest the

minors of their land must be strictly pursued and must affirmatively appear on the face of the proceedings. *Strouse v. Drennan*, 41 Mo. 239; *Robert v. Casey*, 25 Mo. 584. The deed in this case on its face shows a flagrant disregard of the statutory requirements.

*Mirick & Young* for respondent.

(1) The curator's deed read in evidence by the defendant contains every recital necessary to show jurisdiction in the court, and by the statutes is made *prima facie* evidence of the facts therein. G. S. 1865, sec. 32, p. 469. (2) The court had jurisdiction of the person of the ward and by the order of sale acquired jurisdiction of the property. G. S., sec. 28, p. 469; *Patee v. Thomas*, 58 Mo. 163. (3) Jurisdiction having obtained, the sale being made and approved and the deed executed, the same is not subject to attachment in a collateral proceeding. *Carr v. Spannagel*, 4 Mo. App. 284; *Henry v. McKerlie*, 78 Mo. 416; *Camden v. Plain*, 91 Mo. 117. (4) It is the order of sale and the approval of a sale made which constitutes the authority of a curator to make the deed. These are the record facts that must* appear and when they do appear, as in this case, absolute verity is imparted to the record, and it cannot be assailed in a collateral proceeding. *Sims v. Gray*, 66 Mo. 614; *Johnson v. Beazly*, 65 Mo. 250. (5) Judgment and orders of probate courts in relation to the administration of estates are entitled to the same presumptions of verity as are accorded to courts of general jurisdiction proceeding according to the course of the common law. See *Camden v. Plain*, 91 Mo. 117; *Johnson v. Beazly*, 65 Mo. 250; *Sims v. Gray*, 66 Mo. 614. (6) The judgment of the court below was in accordance with a long line of our decisions, and to reverse it would overrule the following cases: *Camden v. Plain*, 91 Mo. 117; *Carr v. Spannagel*, 4 Mo. App. 284; *Henry v. McKerlie*, 78 Mo. 416; *Exedine v. Morris*, 76 Mo. 416; *Sims v. Gray*, 66 Mo. 614; *Johnson v. Beazly*, 65 Mo.

250. (7) Besides, the effect of such a course would be to unsettle a great number of land titles and destroy confidence in judicial sales. (8) These decisions are based upon the fundamental principle that when a court has obtained jurisdiction it is competent to decide every question arising in a cause, and, whether decided correctly or incorrectly, the decision until reversed is binding upon all parties and cannot be attacked collaterally. Rorer on Judicial Sales, p. 170.

SHERWOOD, J.—Ejectment for sixty acres of land in Carroll county. Plaintiffs were minors when this, their land, was sold for their education, in 1869, by their curator, under an order made by the probate court for the sale of the land at public vendue. The land was appraised at one hundred and fifty dollars, and sold for *ten* dollars to Wm. H. Long; six years thereafter he sold by warranty deed to Andrew Hendricks for three thousand dollars. In April, 1884, Hendricks conveyed by like deed for same consideration to defendant.

By stipulation filed it is agreed that the sole question to be determined is whether the curator's deed is valid. There can be no hesitation on this point; it is a plain matter of statutory provision. Sections 28, 29 and 30, page 469, General Statutes, 1865, control this case.

The last-named section declares: "No real estate of any minor, sold under the provisions of this chapter, shall be sold for less than three-fourths of its appraised value," etc. The probate court had *no jurisdiction* to approve such a sale. Its order of approval was, therefore, *coram non judice*, and the deed showing the facts already recited was *void on its face*.

We reverse the judgment and remand the cause with directions to enter a judgment for plaintiffs, after having taken an account of rents and profits.

All concur, but BARCLAY, J., who dissents.