ALDRIDGE *et al.* v. SPEARS *et al., Plaintiffs in Error.*

1.   **Highways, Establishment of:** APPEAL.   Under the road law ( Revised Law of 1883, Acts, 1883, page 158 ) no appeal is provided for to the circuit court where the county court refuses to make an order opening or changing a road.

2.   ———— : ———— : ————.   The power to decide whether a particular highway is necessary to the public welfare is confined to the county court of each county.

3.   **Eminent Domain:** LEGISLATIVE AND JUDICIAL QUESTIONS. When an attempt is made to take private property for public use, whether the use is really a public one or not is a judicial question and must under the constitution be determined by the courts without regard to any legislative assertion on the subject, but, when the use is determined to be a public one, the question whether the public welfare requires the exercise of·the power of eminent domain is one which rests with the legislature and not with the courts.

Aldridge v. Spears.

*Appeal from Pettis Circuit Court.*—HON. RICHARD
FIELD, Judge.

AFFIRMED.

*Charles E. Yeater* for plaintiffs in error.

(1) The petition, being both for the vacation of
an existing public road and the establishment of a new
public road, was such a misjoinder that the court
acquired no jurisdiction for either purpose. Laws of
1883, pp. 158, 164. (2) The court acquired no juris-
diction because the petition failed to definitely specify
the "beginning, course and termination" of the new
road, and failed to name at least "two points on the
direction of said road," and failed to set forth the width
of the road, and the judgment is void on its face for the
same defects, except the latter. Laws of 1883, secs. 2,
5, p. 158; *Dougherty v. Brown*, 91 Mo. 30; *Long v.
Talley*, 91 Mo. 310; *Wilson v. Berkstressor*, 45 Mo. 285.
(3) The court erred in admitting parol evidence to
explain and make more definite the description of the
new road set forth in the petition. Cases, *supra.*
(4) While it is admitted that the omission of the peti-
tion, to state that three of the freeholders were "of the
immediate neighborhood," was supplied by proof on
trial in the circuit court, and a finding to that effect
recited in the judgment of that court; yet, by reason of
the omission to recite it in the record of the county court
below, the circuit court acquired no jurisdiction. *Hag-
gard v. Railroad*, 63 Mo. 303; *Fisher v. Davis*, 27 Mo.
App. 327, and cases therein cited; *Railroad v. Young*,
96 Mo. 39. (5) The county court alone has exclusive
jurisdiction to open public roads, and if it refuse the
circuit court has no such jurisdiction on appeal. R. S.,
sec. 6967; Laws of 1887, p. 247, secs. 7, 8, 9, 10; *Foster
v. Duncan*, 44 Mo. 217. (6) The court erred in refus-
ing remonstrants' demand for a jury.

VOL. 101—26

*Jackson & Montgomery* for defendants in error.

(1)  The objection that the petition seeks to vacate an existing public road and also to establish a new road does not go to the jurisdiction.   The most that could be complained of is that the petition joins in one count two causes of action, and this objection has been waived by the plaintiffs in error. *Bank v. Dillon,* 75 Mo. 381; *Baker v. Railey,* 18 Mo. App. 562; *Faddy v. Smith,* 23 Mo. App. 87; *Brown v. Railroad,* 20 Mo. App. 427; *Saulsbury v. Alexander,* 50 Mo. 142.  (2)  The description of the proposed road is sufficiently definite and certain for all practical purposes.   The same rules apply to road descriptions as to descriptions of lands in deeds.   Mills on Eminent Domain, secs. 377, 715; *Southerland v. Holmes,* 78 Mo. 400; *Railroad v. Kellogg,* 54 Mo. 337; *Butler v. Barr,* 18 Mo. 361. (3)  There was no error in admitting parol evidence to explain the call in the description of the route.   But, if this was error, it is not preserved by the plaintiffs in error so that this court can pass up on it.   No motion for a new trial was filed, and no exceptions are saved which this court can consider under its rules, and this case must be determined simply upon the record as it is presented by the pleadings and the record entries. (4) Jurisdiction was conferred upon the county court by the filing of the petition.   Laws of 1887, p. 245. Whether or not the facts stated in the petition are true, and whether or not sufficient facts are stated, or whether or not they are supported by the evidence, the court will decide in the exercise of its jurisdiction. *Overton v. Johnson,* 17 Mo. 450; *Snoddy v. Pettis County,* 45 Mo. 363.   The jurisdiction of a court cannot be made to depend upon its decision upon the merits of the case brought before it, but upon the right to hear and determine it all.   *Grignsons' Lessee v. Astor,* 2 How. (U. S. Sup. Ct.) 338.   (5)  There is no longer any question as to the right of the parties aggrieved to appeal from the

judgment of the county court granting or refusing to open a highway. R. S. 1889, sec. 6967; *Jefferson County v. Cowan*, 54 Mo. 237; *Anderson v. Pemberton*, 89 Mo. 65; *State ex rel. v. County Court*, 80 Mo. 503; *Moore v. Bailey*, 8 Mo. App. 158.. *Foster v. Duncan*, 44 Mo. 217, was decided before the adoption of either section 1210 or 6967 of the Revised Statutes. (6) The plaintiffs in error were not entitled to a jury upon the issue upon which they demanded a jury. Const., sec. 20, art. 2.

BLACK, J.—Aldridge and others petitioned the county court of Pettis county at its November term, 1886, for the establishment of a new road and the vacation of an old one. Upon consideration of the petition and the remonstrances filed by the objectors, the court found that the opening of a new road, and the change of the old one as prayed for, was not a public necessity, and refused to make an order directing the road commissioner to survey the route of the proposed road and refused to vacate the old one. The petitioners appealed to the circuit court. That court proceeded to hear the case anew on the evidence and found that the proposed road was one of public necessity, and ordered the road commissioner to mark out the same. The objectors appealed to the Kansas City court of appeals, and that court came to the conclusion that an appeal from such an order would not lie from the county to the circuit court. The opinion of the Kansas City court of appeals being in conflict with that of the St. Louis court of appeals in *Cox v. Dake*, 34 Mo. App. 80, the cause was certified to this court.

Several questions have been discussed at the bar of this court and in the briefs, but in the view we take of the case it will be sufficient to consider the single question, whether the petitioners had any right of appeal from the county to the circuit court.

By the act of March 31, 1883 (Laws of 1883, p. 158), applications for the establishment of roads or the

change of roads must be made to the county court by the requisite number of freeholders. It is made the duty of the county court to hear the petition, the remonstrances, if any, and such witnesses as the parties may produce ; and, if the court shall be of the opinion that the facts justify it, then an order is to be made requiring the road commissioner to view, survey and mark out such road and report to the next term. He is to take relinquishments of right of way, and, if persons, through whose land the new road or change of road shall run, refuse to relinquish, then the court must appoint commissioners to assess damages. The ninth section goes on to say : If upon the report of the road commissioner, and the report of the commissioners appointed to assess damages, the court shall be satisfied that the proposed road is of sufficient utility to justify the payment of the damages, warrants shall be drawn for the damages and delivered to the persons entitled thereto, or deposited in court for them. Exceptions may be filed to the report awarding damages, and the county court may award a new appraisement of damages by a jury ; "but, notwithstanding such exceptions, such road may be established and opened and worked, and any subsequent proceedings shall only affect the amount of compensation or assessment to be allowed as damages."

Section 36 enacts : "In all cases of appeals being allowed from the judgment of the county court assessing damages, or for opening, changing or vacating any road, the circuit court shall be possessed of the cause, and shall proceed to hear and determine the same anew; but no commissioner shall be appointed by the circuit court, nor shall any appeal prior to the determination thereof in the circuit court operate as a *supersedeas* of the proceedings in the county court."

The entire road law was revised and re-enacted by the act of March 31, 1883. By section 36, before quoted, an appeal is allowed in the specified cases, namely, from a judgment assessing damages, or for opening, changing

or vacating any road.   No appeal is provided for by the road law where the county court refuses to make an order opening or changing a road.   The enumeration of the orders and judgments from which an appeal may be taken by clear inference denies an appeal from all other orders in road matters.   The county court has the management of the county finances, and it is made the duty of that court to satisfy itself that the particular road is of sufficient utility to justify the payment of the damages from the county treasury.   The law has wisely left it to the county court to say whether the necessity for the road is such as to justify the expenditure.   The cases of *Jefferson County v. Cowan*, 54 Mo. 237 ; *Anderson v. Pemberton*, 89 Mo. 65, and *State, etc., v. County Court of Nodaway County*, 80 Mo. 503, have no application to this case.   The question whether an appeal would lie from an order of the county court refusing to open a road was not presented or considered in any of those cases.   The road law furnishes no authority for an appeal from such an order.

Reliance, however, for such authority is placed upon sections 1102 and 1210 of the Revised Statutes, 1879. These sections, it is to be observed, are no part of the road law.   Section 1102 gives to the circuit courts appellate jurisdiction from the judgments and orders of county courts in all cases not expressly prohibited by law ; and section 1210 provides that in all cases of appeal from the final determination of any cause in the county court, the same shall be heard anew in the circuit court.

There are many orders and proceedings in and made by the county courts which are not judicial.   For many purposes the county courts are the agents of the counties for the transaction of the county affairs.   It was never the design of these sections to allow an appeal from all such orders.   They are designed to allow an appeal from those orders and judgments which are judicial in their character, and not the mere exercise of

administrative functions. *St. Louis, I. M. & S. Ry. Co. v. The City of St. Louis*, 92 Mo. 165. When an attempt is made to take private property for public use, the question whether the use is really a public one or not is a judicial question, and must be determined by the court without regard to any legislative assertion upon the subject. This is the plain command of our present constitution. But, when the use is determined to be a public one, the question whether the public welfare requires the exercise of the power of eminent domain is one which rests with the legislature and not the courts. *The City of Savannah v. Hancock*, 91 Mo. 54; Mills on Em. Dom. [2 Ed.] sec. 11; Lewis on Em. Dom., sec. 238. The power to decide whether a particular highway is necessary to the public welfare is confided to the common council in our cities; and in the county it is confided to the county court of each county. It is no more a judicial question in the one case than in the other. In the present case the county court came to the conclusion that the public wants did not demand the new road or the change of the old one, and for that reason refused to grant the prayer of the petition. The question thus determined not being a judicial one it follows from what has been said that sections 1102 and 1210 furnish no authority for an appeal from an order refusing to open the road.

Another full and complete answer to the claim that an appeal will lie from such an order is, that the road law makes its own provisions in respect of appeals and allows them in specified cases. The clear and necessary inference is that appeals are denied from all other orders in these road matters. The legislature may, of course, provide for an appeal from an order refusing to open a road, but what we say is, that it has made no such provision. The judgment of the Kansas City court of appeals, reversing the judgment of the circuit court, is affirmed. BAROLAY, J., absent; the other judges concur.