*In re* BIG HOLLOW ROAD; ENGLAND *et al.*, *Appellants*, v. BAILEY *et al.*

### Division One, July 2, 1892.

Appeal: VACATING PUBLIC ROAD: STATUTE. An appeal will lie under the act of 1887 (Laws, sec. 10, p. 245) to the circuit court from an order of the county court vacating a portion of a public road. (*Aldridge v. Spears,* 101 Mo. 400, *distinguished.*)

*Certified from St. Louis Court of Appeals.*

AFFIRMED.

*Joseph J. Williams* for appellants.

(1) The appeal was unauthorized by law because prosecuted from an order of the county court from which the circuit court had no jurisdiction. *Railroad v. City of St. Louis,* 92 Mo. 160. (2) Remonstrants had no interest in the matter otherwise than in common with the general public, and were not for that reason entitled to appeal.

*Thomas & Horine* for respondents.

We contend that the statute makes twelve free-holders parties to the suit, when they file their remonstrance, and they have a right to appeal. Revised Statutes, 1879, secs. 1102, 1210, and Laws of 1887, sec. 10; *McVey v. McVey*, 51 Mo. 421; *Hagemeyer v. Keene*, 8 Mo. App. 574; *Cox v. Dake*, 34 Mo. App. 80; *In re Webster*, 36 Mo. App. 355; *Aldridge v. Spears*, 101 Mo. 400. The judgment of the circuit court was right and should be affirmed.

SHERWOOD, P. J.—England and others, acting under the provisions of the road law (Laws, 1887, p. 245), presented their petition for vacating a portion of the Big Hollow road in Plattin township, Jefferson county, Missouri. All the necessary steps were regularly taken, and, at the November term, 1888, of the county court, a remonstrance signed by more than twelve freeholders of the township was presented to that court resisting the vacation of said portion of the road in question.

The hearing of the cause before the county court resulted in the court vacating the portion of the road sought to be vacated, and, on appeal, the St. Louis circuit court to which the cause went on change of venue heard the cause *de novo*, found the issues for the remonstrants, and dismissed the petition. Thereupon the petitioners filed their motion in arrest, based upon the theory that the circuit court had no jurisdiction to hear and determine the cause. This motion was denied, and, on appeal to the St. Louis court of appeals, that court was of opinion that the circuit court had jurisdiction; but inasmuch as the Kansas City court of appeals was supposed to have taken a different view of the matter in *Aldridge v. Spears*, 40 Mo. App.

527, to that taken by the St. Louis court of appeals in *Cox v. Dake*, 34 Mo. App. 80, the cause has been certified to this court.

The case of *Aldridge v. Spears* has also been certified to this court, and is reported in 101 Mo. 400. In that case it was determined that under statutory provisions no appeal lay from an order of the county court refusing to make an order opening or changing a road.

Section 10 of the act of 1887, aforesaid, provides that: " In all cases of appeals being allowed from the judgment of the county court, assessing damages, or for opening, changing or vacating any road, the circuit court shall be possessed of the cause, and shall proceed to hear and determine the same anew; but no commissioner shall be appointed by the circuit court, nor shall any appeal prior to the determination thereof in the circuit court operate as a *supersedeas* of the proceedings of the county court."

I.   This case differs from the one just mentioned in that here the county court of Jefferson county *did* make an order vacating a portion of the public road in question; and, for an appeal in *such* cases, the section just quoted gives express permission, though it was held in *Aldridge's case* to deny the right of appeal by necessary implication in cases other than those specified in the section quoted. We hold then that the order of the county court vacating a portion of the road was appealable.

II.   Section 29 of the act already quoted from clearly recognizes the right of remonstrants, possessing the qualifications already stated, to contest the right of the petitioners to have the road vacated. Their right to remonstrate and to contest the vacation of the road by the express terms of section 29 is only based on two conditions, *first*, that they be freeholders; *second*, that

they are residents of the township. These two conditions conceded, the right of the remonstrants to appeal is undeniably granted by section 10 aforesaid.

If the county court had *refused* to vacate the road, then, under the ruling in *Aldridge's case*, no appeal would lie; but this case is wholly unlike that one for the reasons stated.

III. The cause then being properly appealable and appealed, the authority of the circuit court to hear and determine the same anew cannot be doubted, seeing that it is expressly conferred by section 10. The result is that the judgment of the St. Louis court of appeals is affirmed, and this cause remanded to that court for further proceedings.

All concur, except BARCLAY, J., absent.