J. A. SHEPPARD et al., Respondents, v. JOHN MAY et al., Appellants.

St. Louis Court of Appeals, February 27, 1900.

1. **Injunction, Mandatory**: OBSTRUCTION OF PUBLIC ROAD: TO COMPEL REMOVAL THEREOF. *The evidence tended to show that defendants obstructed the road, and they justified with an order of the county court made previously at the suggestion of the road overseer vacating that portion of the road obstructed: Held, that the order of the county court made at the suggestion of the road overseer vacating the road, was unauthorized and void.*

2. ——: ——: ——: INJUNCTION MADE PERPETUAL. As the law provides but one way for the vacation of public highways, on petition to the county court of twelve householders of the township where the road is located, the attempt of the county court to declare the road in question vacant was without jurisdiction, and its order was void, by which it follows that the judgment of the lower court will be affirmed making the injunction perpetual.

Appeal from the Howell Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*William Monks* for appellants.

The next contention of respondent's counsel is, that although the county court had vacated a part of the Mountain Home road, that said judgment will not protect the defendants in closing up said road, and that plaintiffs had the right to sue by injunction. County courts have the sole and exclusive jurisdiction over all roads and highways in said county, subject to appeal to the circuit court, and their judgment is binding on all parties interested until set aside or reversed by some superior court, and their remedy, if any they had, was by appeal to the circuit court, and not by injunction. The State ex rel. Baublits v. County Court, 80 Mo. 500; R. S. 1889, sec. 7801; Laws of 1887, p. 248; Session Acts 1872, p. 146, sec. 50; Jefferson County v. Cowan, 54 Mo. 234. An injunction will not lie in a proceeding of this kind. When private property is condemned or dedicated for the use of public roads and highways in the county, the owner in fee simple loses all his control so long as the same is used as a public road, and when any part of said public roads of said county becomes dangerous to the public travel of said county, the county court has the right, and it is made its duty, under section 7804, as amended, to cause a new road to be located and opened, and discontinue or vacate so much of the old

road as has been found dangerous to public travel, and the same, after being vacated, will revert back to the original owner in fee, but he has no right nor interest in the action of the county court proceedings.

No briefs for respondent furnished reporter.

BIGGS, J.—The plaintiffs own farms abutting on a public road leading from West Plains to Mountain Home. They charge that the defendants obstructed this road at a point between their farms and the city of West Plains. In this action they sought to compel the defendants, by mandatory injunction, to remove the obstruction and to restrain them from interfering with the road in the future. There was a temporary injunction, which, on a final hearing, was made perpetual. The defendants have appealed.

The evidence for plaintiffs tends to show that on or about the first day of May, 1898, the defendants obstructed the road as charged. The defendants attempted to justify on the ground that the portion of the road obstructed by them had been previously vacated by order of the county court. In support of this defense an order of the county court entered at its February term, 1898, was read, which recites, that upon the representation of William Monks, a road overseer, the court had adjudged that the portion of the roadbed in question had washed out and become unsafe for travel, and that therefore the court under authority of section 7804, Revised Statutes 1889, as amended by the legislature in 1895 (Sess. Acts 1895, p. 249), ordered the road commissioner of the county to survey and locate that portion of the roadbed over other and safer ground. At the May term of the court following the commissioner made his report showing the location of the new road, which the court approved, and the court made a further order vacating that

portion of the old road which had become unsafe for travel. The defendants rely on this last order for a justification of their acts.

Whether that portion of the roadbed sought to be changed was in fact situated on "the bank of a river, creek or other watercourse," which the plaintiffs contend was essential (section 7804, *supra*) to authorize a summary order for the location of a new road, need not be decided. Conceding that the facts as established by the evidence brings the case within the purview of the statute, there is nothing in the section authorizing the county court to declare the unsafe portion of the old road vacant, and the order esablishing the new road could not of itself have that effect. The law provides but one way for the vacation of public highways, and that is on petition to the county court of twelve householders of the township where the road is located, etc. We therefore conclude that the county court in attempting to declare the road in question vacant acted without jurisdiction, and therefore its order in the premises was void.

It follows that the judgment of the circuit court will be affirmed. All concur.