THE STATE ex rel. G. L. TUMMONS et al. v. ARGUS COX et al., Judges of Springfield Court of Appeals.

In Banc, April 9, 1926.

1. **CERTIORARI: To Court of Appeals: Jurisdiction.** The right of this court to review a decision of a court of appeals upon *certiorari* is limited, under the plain constitutional provision (Sec. 6, art. 6), to determining whether such opinion conflicts with a previous decision of this court. Courts of appeals, within the limits of their appropriate jurisdiction, are supreme; and this court will not upon *certiorari*, after having determined whether alleged conflicts exist, go further and determine whether such court has misinterpreted or erroneously construed certain statutes which have never been construed by this court.

2. **APPEAL: Vacation of Public Road.** The Court of Appeals in ruling that remonstrators are entitled to an appeal from a judgment of the circuit court vacating a public road, did not contravene any previous decision of this court, for this court has never decided that

State ex rel. Tummons v. Cox.

remonstrators are not entitled to an appeal from such final judgment.

3. ———: ———: Statutory Provision for Finality. The provision of the statute (Sec. 10629, R. S. 1919) declaring a judgment of a circuit court final in the matter of establishing a public road should not be construed as prohibiting an appeal from a final judgment vacating a public road. The statute is to be limited to its plain unequivocal terms, and the establishing of a public road is not the same thing as vacating an established public road; and this court has not decided since said section was enacted that an appeal was not allowable from such a judgment, and consequently the Court of Appeals in holding that remonstrators, in spite of said statute, are entitled to an appeal from a judgment vacating a road, contravened no decision of this court.

4. ———: ———: Approval of County Engineer. The statute (Sec. 10789, R. S. 1919) does not contain the word "vacating," but says that "no county court shall order a road established or changed until said proposed road or proposed change has been examined and approved by the County Highway Engineer." The Court of Appeals held that to confer jurisdiction upon the county court of a proceeding to vacate an established public road it was a necessary precedent condition that the road be examined and the proposed vacation be approved by the County Highway Engineer. Held, that the Court of Appeals in so holding did not contravene any previous decision of this court; on the contrary, the holding was in harmony with Aldridge v. Spears, 101 Mo. 400, wherein it was ruled that the terms "change" and "changing" are equivalent to "vacate" and "vacating."

Courts, 15 C. J., Section 511, p. 1079, n. 42; Section 516, p. 1090, n. 39. Highways, 29 C. J., Section 245, p. 531, n. 54.

*Certiorari.*

Writ quashed.

*T. H. Douglas* and *L. Cunningham* for relators.

(1) This is a proceeding under Sec. 10634, R. S. 1919, for the vacation of a part of a public road and jurisdiction to try and determine the cause was vested in the county court by the filing of a proper petition, and

313 Mo.—43.

the giving of notice thereof as provided by law. Wilhite v. Wolf, 179 Mo. 472. There is no controversy about the sufficiency of the petition and notice. This being true, subsequent irregularities will not affect the jurisdiction of the county court. Wilhite v. Wolf, 179 Mo. 472. (2) The failure of the County Highway Engineer to approve the vacation, if that be embraced in Sec. 10789, R. S. 1919, could not, under the language of that section, be more than an irregularity and would not divest the county court of jurisdiction. Section 10789 does not apply to proceedings under Section 10634. Section 10634 is complete within itself as to the requisite-proceedings for the vacation of a public road. By its terms it excludes any idea that the approval of the County Highway Engineer of the vacation of the road was a prerequisite to action by the county court. It could have no effect on the jurisdiction of the cause, which vested on the filing of the petition and the giving of the notice. (3) "Irregularities, if any, occurring in the proceedings of the county court after jurisdiction is once acquired will not deprive the circuit court of its jurisdiction on appeal." And the decision of this court in the case at bar is in conflict with the controlling decisions of the Supreme Court on questions of the jurisdiction of the circuit court to try the cause anew. Ripkey v. Binns, 264 Mo. 513; Stutz v. Cameron, 254 Mo. 358; Bennett v. Hall, 184 Mo. 415. (4) If there be any right of appeal to the Court of Appeals from the judgment of the circuit court, it must be under statutory provisions. The decision on said question is contrary to the express provisions of Sec. 10629, R. S. 1919, which provides that "the judgment rendered in said cause shall not be reviewed on appeal or by writ of error." If there be an appeal to the circuit court from the county court, it must rest solely on the provisions of the Laws 1921, p. 594, which expressly limits further proceedings to the provisions of Section 10629. The decision on the question of the right of appeal from the circuit court is in conflict with the controlling opinion of the Supreme Court in Bonfils v. Martin's Food Service

Co., 253 S. W. 982, in which the court, at page 983, lays down the rule: "Appeals are purely statutory. When one is challenged the party representing the appeal must be able to point to the statute allowing the same." It is also in conflict with Reynolds v. Potts, 264 S. W. 663, in which the court at page 664 says: "The road law, in the matter of opening and vacating public roads, makes its own provisions in respect of appeals, and allows them in specified cases. The clear and necessary inference is that appeals are denied from all other orders in these road matters." The case further holds that the general appeal statutes do not apply to road matters. The principle is also applied in Dittman v. Noeller, 143 Mo. App. 718.

*Herman Pufahl* for respondents.

(1) Upon *certiorari* to the Court of Appeals, the Supreme Court is not to determine whether the view of the Court of Appeals is correct or incorrect, but only whether it conflicts with the controlling decision of the Supreme Court. State ex rel. Am. Packing Co. v. Reynolds, 287 Mo. 697; State ex rel. Shaw Transfer Co. v. Trimble, 250 S. W. 384; State ex rel. Continental Ins. Co. v. Allen, 303 Mo. 608; State ex rel. Calhoun v. Reynolds, 289 Mo. 506; State ex rel. Raleigh Inv. Co. v. Allen, 294 Mo. 214; State ex rel. Mo. Ins. Co. v. Allen, 295 Mo. 307; State ex rel. American Press v. Allen, 256 S. W. 1049. (2) Relators admit that Section 10789 has never been before this court for interpretation. Therefore, on *certiorari* to quash the Court of Appeals opinion, it is immaterial whether the latter is correct. State ex rel. Life Ins. Co. v. Allen, 305 Mo. 607. (3) Neither has the question of an appeal from the circuit court on a petition for the vacation of a road ever been before this court, except in the case of Witte v. Sorrell, 219 S. W. 595, in which case there was an appeal from the circuit court, and this court heard and decided the case, thereby of course holding that an appeal did lie from the

judgment of the circuit court. This is the last controlling decision of this court on that question, and the Court of Appeals followed that decision in holding that an appeal does lie from the judgment of the circuit court. If relators contend that the question of the right to appeal was not raised in that case, then such question has never been decided by this court and the opinion of the Court of Appeals is not in conflict with any decision of this court. (4) The right of appeal from the county court to the circuit court in proceedings to vacate roads has always existed. In re Big Hollow Road, 40 Mo. App. 363; In re Big Hollow Road, 111 Mo. 326; Mayes v. Palmer, 206 Mo. 293; Witte v. Sorrell, 219 S. W. 595. And to avoid any possible question has been expressly given by statute which provides that no notice of appeal is necessary. Laws 1921, p. 594. (5) An appeal lies from the judgment of the circuit court vacating or refusing to vacate a public road. Witte v. Sorrell, 219 S. W: 595; Sec. 1469, R. S. 1919.

WALKER, J.—This is a proceeding in *certiorari* to quash the record of the Springfield Court of Appeals in the suit of G. L. Tummons et al. v. John R. Stokes et al. The relators here had filed a petition in the County Court of Polk County to vacate a portion of a public road. A remonstrance was filed against the proposed vacation.

The case was tried by the county court and the portion of the road in question was ordered vacated. The remonstrators thereupon appealed to the circuit court which, upon a hearing *de novo,* also ordered the road vacated as prayed for by the petitioners. The remonstrators then appealed to the Springfield Court of Appeals which held that: (1) the remonstrators had the right of appeal from the judgment of the circuit court to the Court of Appeals; and (2) that under Section 10789, Revised Statutes 1919, it was necessary, to confer jurisdiction on the county court, that the proposed change

or vacation, asked for by the petitioners, be examined and approved by the County Highway Engineer.

We find it necessary to say, in the disposition of the matter at issue, that our right of review, in cases as at bar, is limited under a plain constitutional provision (Sec. 6, Art. 6, Const. Mo.), to determining whether the opinion of the Court of Appeals is contrary to a previous decision of this court. This oft repeated limitation of the power of the Supreme Court is rendered necessary because of the manner in which this application is presented.

From the petition and brief of the relators, it is evident that a review of the opinion of the Court of Appeals is sought to determine, in addition to the claim of an alleged contravention with our rulings, whether statutes have been misinterpreted or errors in the construction of the law, other than those of conflict, have been committed. This we will not do. Courts of Appeals within the limits of their jurisdiction, as defined by the organic law, are supreme.

I. The Court of Appeals' holding that the right of the remonstrators to an appeal from the circuit court to the Court of Appeals in cases of this character is contended by the petitioners to contravene a number of decisions of this court, which we review in their order.

In re Drainage District; Buschling v. Ackley, 270 Mo. l. c. 173, we held that the drainage act being a purely statutory proceeding, both as to the tribunal and character of the same, was unknown to the common law, and the act being special and constitutional, the provisions of the code of civil procedure were not applicable thereto. While we hold that the law in regard to the establishment and vacation of roads (Art. 1, Chap. 98, R. S. 1919) is also statutory in its origin, we have not held that proceedings thereunder are independent of the Civil Code, as the numerous opinions of this court amply attest. The statute itself expressly provides for an appeal in this class of cases from the county court to the circuit court (Laws 1921, p. 594), and there being no

statutory inhibition of the right of appeal from the circuit court, that right, which we have often recognized, is accorded by the general statute (Sec. 1469, R. S. 1919), which provides, among other things, that any party to a suit, aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take an appeal to any court having appellate jurisdiction from any final judgment in the case.

In Reynolds v. Potts, 264 S. W. (Mo.) 663, the appeal was dismissed by this court because the circuit court from which it was prosecuted had obtained no jurisdiction from the county court. The relevance of this citation by relators as sustaining the contention here made is but "a darkening of counsel by words."

In Bonfils v. Martin's Food Service, 299 Mo. 500, 253 S. W. 982, it is held that appeals are purely statutory. This ruling was upon an attempted appeal from an order overruling a motion in arrest of judgment. The grounds of the ruling, citing 241 Mo. l. c. 608, were that motions are not original and independent proceedings and are only incidental steps in cases pending and are not judgments of a court but are merely orders, not appealable from, except when authorized by statute. The instant case is an original and independent proceeding in which a final judgment was rendered. The ruling in the Bonfils case, therefore, being thus limited, does not sustain the relators' contention.

Aldridge v. Spears, 101 Mo. 400, cited by relators, was a proceeding for the opening of a road. This case is distinguished in Big Hollow Road, England v. Bailey, 111 Mo. 326, which had application to the vacating of a road in which it was held that an appeal would lie from an order of the county court to the circuit court and the appeal therefrom to the Supreme Court and its disposition in this court on the merits, without any question as to our jurisdiction. This is sufficient to dispose of any ruling force that the Aldridge case might be said to have, even by implication, in support of relators' contention.

These constitute the cases cited by the relators to sustain this part of the contention as to the absence of a right of appeal. They fail to do so and no conflict exists in this regard.

It is further contended that the statutory provision (Sec. 10629, R. S. 1919), declaring a judgment of a circuit court final in the establishment of a road should be construed as prohibitory upon the right of appeal in the vacating of a road. A reasonable construction of an administrative statute is that in its application it is to be limited to its plain unequivocal terms. By these it has to do with the establishment of roads. The enactment of the statute of March 29, 1921 (Laws 1921, p. 594), expressly providing for appeals from the county to the circuit court, not only gives legislative authority for such right in proceedings to vacate a road, but is confirmatory of the construction we have placed upon Section 10629.

Mayes v. Palmer, 206 Mo. 293, lends no support to the contention of the relators. In that case, in which the opinion was delivered before the adoption of Section 10629, as now in force, it was held that an appeal would lie to the circuit court from a judgment of a county court establishing a road. Its irrelevance to the contention here made is evident.

Bennett v. Wall, 184 Mo. 407, contains no ruling or reference from which the conclusion is authorized that the right of appeal does not exist in the instant case. A like conclusion is authorized in regard to the ruling in Wilhite v. Wolf, 179 Mo. 472; and also concerning the ruling in Ripkey v. Ginns, 264 Mo. 505, which was also a proceeding to establish a road. The burden of the portion of this ruling referred to by relators, is that irregularities in the proceedings while in the county court would not deprive the circuit court of jurisdiction. In support of this ruling Stutz v. Cameron, 254 Mo. l. c. 357, is cited, as it is by relators. It has no bearing on the matter at issue.

II.   Relators contend in addition that the ruling of the Court of Appeals to the effect that a compliance with the statutory requirement (Sec. 10789) that the proceedings to vacate the road shall be examined and approved by the County Highway Engineer, was a requisite condition precedent to the order of vacation by the county court.   This contention is based on the absence from the section (Sec. 10789) of the word "vacating," its language in regard to this matter being as follows: "No county court shall order a road established or changed until said proposed road or proposed change has been examined and approved by the County Highway Engineer."

The relators cite no cases to support this contention of a conflict.   The Supreme Court has by construction ruled in Aldridge v. Spears, 101 Mo. 400, in a petition for opening and changing a road, that the terms "change" and "changing" are equivalent to "vacate" and "vacating."   The section may, therefore, be so applied and the Court of Appeals' opinion is in harmony therewith.

We have, with some degree of care, reviewed all of the cases relied upon by relators, and do not find that the opinion of the Court of Appeals conflicts, even remotely, with anything said in either of them.

The Court of Appeals opinion bears evidence of a painstaking examination of the statutes and the rulings of the courts upon the question of the vacating of roads; and, aside from the absence of contravention, it presents a lucid discussion of the various statutes in regard thereto.

This writ should not have been issued and it is therefore quashed.   All concur.