T. J. MORRIS ET AL. v. W. H. KARR ET AL., Appellants.—114 S. W. (2d) 962.

Division One, April 1, 1938.

*DuBois, Miller & Beavers* and *F. P. Stapleton* for appellants.

*Edward G. Robison* and *J. W. McKnight* for respondents.

DOUGLAS, J.—This is a direct attack on the jurisdiction of the County Court of Gentry County to enter an order directing the vacation of a portion of a public highway. The respondents petitioned the county court in compliance with the statute to vacate a portion of a public highway in Cooper Township. The appellants made remonstrances thereto. Thereafter the county court ordered the road vacated. Exceptions were taken by the appellants to the action of the county court and the cause was appealed to the Circuit Court of Gentry County where it was tried *de novo*, and judgment was entered vacating the road. The evidence disclosed that the portion of the road proposed to be vacated was a part of the highway designated as Federal Highway No. 169 running from Stanberry to King City and thence to St. Joseph. In 1921 the road had been established as a State highway. In 1933 the State Highway Department constructed a concrete highway over the route of No. 169 and at the point in controversy re-routed the concrete highway. The portion sought to be vacated departed from the new concrete highway at an angle and extended in a generally northern direction 1320 feet to a crossroad, which crossroad connected with the concrete highway, the concrete highway forming the hypotenuse, the portion of the road sought to be vacated a leg, and the crossroad the base of a right angle triangle.

Appellants' chief assignment of error is that the county court had no jurisdiction to enter the judgment vacating the road because it failed to follow a provision contained in Section 8013, Revised Statutes 1929, first inserted in said Section in 1909, as follows: "No county court shall order a road established or changed until said proposed road or proposed change has been examined and approved by the county highway engineer;" and that since the county court had no jurisdiction to make the order and enter judgment thereon, then the circuit court on appeal had no jurisdiction to try the case *de novo*. The failure of the county court to have the vacation of the road approved by the highway engineer before making the order is conceded by the parties. It is also conceded that such a provision of the statute is applicable to this case in which the *vacation* of a road is sought. This court has ruled by construc-

tion that the terms "change" and "changing" are equivalent to "vacate" and "vacating." [State ex rel. Tummons et al. v. Cox, 313 Mo. 672, 282 S. W. 694; Aldridge v. Spears, 101 Mo. 400, 14 S. W. 118; and see, also, Sheppard v. May, 83 Mo. App. 272.]

Respondents contend that the question of jurisdiction is not involved because after the county court acquired jurisdiction of the proceedings on the filing of the petition in the form provided by the statute and the giving of the statutory notice, any irregularities occurring thereafter in the proceedings did not divest the court of its jurisdiction. Respondents rely on the case of Ripkey v. Binns, 264 Mo. 505, 175 S. W. 206. This was a proceeding instituted in 1908 to establish a public road. A motion to dismiss was filed in the circuit court on the trial *de novo* because the record of the county court appointing three commissioners did not state that they were not of kin to any of the parties seeking damages and the report of the commissioners failed to show that they were sworn prior to viewing the premises and passing upon the assessment of damages. There we held that any irregularities occurring in the proceedings in the county court after jurisdiction was once acquired would not deprive the circuit court of its jurisdiction on appeal. Respondents also rely upon the case of Bennett v. Hall, 184 Mo. 407, 83 S. W. 439, which was a proceeding commenced in 1898 to establish a public road and which also held that after initial jurisdiction had once attached any irregularity would not render the whole proceedings void so as to vitiate the proceedings on appeal in the circuit court. Respondents also cite the case of Wilhite v. Wolf, 179 Mo. 472, 78 S. W. 793, decided in 1904 which *arguendo* announces the same rule, and other cases involving irregularities only which follow the same rule.

The rule announced in those cases is not applicable here, because the provision of the statute is mandatory and the failure to observe it is not a mere irregularity rendering the judgment of the county court erroneous, but is jurisdictional and renders the judgment of the county court void. As said in State ex rel. Ellis v. Brown, 326 Mo. 627, 33 S. W. (2d) 104, quoting from 25 Ruling Case Law, paragraph 14: "Generally speaking, those provisions which do not relate to the essence of the thing to be done and as to which compliance is a matter of convenience rather than substance are directory, while the provisions which relate to the essence of the thing to be done, that is, to matters of substance, are mandatory." Furthermore, we have held that where a court's power to act depends upon special statutory authority and upon a condition precedent vested by the statute it could have no jurisdiction save under the condition named in the statute and could not act in the absence of

evidence tending to prove the existence of the condition. [State ex rel. Case v. Seehorn, 283 Mo. 508, 223 S. W. 664.]

In Sturgeon v. Hampton, 88 Mo. 203, at 213, the rule was early announced which has been generally recognized in this State as follows: "The county courts are not the general agents of the counties or of the State. Their powers are limited and defined by law. These statutes constitute their warrant of authority. Whenever they step outside of and beyond their statutory authority their acts are void." The court goes on to say that it should go far to uphold the acts of the county court when they are merely irregular, but such acts are not irregularities and are void when made without any warrant or authority in law.

The decision in Carder v. Culbertson, 100 Mo. 269, 13 S. W. 88, is pertinent here by analogy. In that case a curator sold real estate belonging to his minor wards at less than three-fourths of the appraised value, contrary to Section 30 of the General Statutes, 1865, page 469, which said: "No real estate of any minor, sold under the provisions of this chapter, shall be sold for less than three-fourths of its appraised value" etc. There, we held that the probate court had *no jurisdiction* to approve such a sale and that its order of approval was therefore *coram non judice.*

In Smith v. Black, 231 Mo. 681, 132 S. W. 1129, a case involving the same issues, before this court in Division, the above case of Carder v. Culbertson was apparently overlooked. In this case the appellants contended that the property having been sold for less than three-fourths of its appraised value, contrary to statute, the probate court had no power to approve the sale. The respondents argued along the same lines as respondents in the case at bar now argue, viz., that the filing of the petition in the probate court asking for an order of sale gave the court jurisdiction over the land and while the order and judgment was erroneous, nevertheless the court had jurisdiction to make the order. Respondents further contended that as the judgment had not been appealed from it became a valid, final judgment. The court there held that the violation of the statute by the administrator in selling the land for less than three-fourths of its appraised value did not affect the jurisdiction of the probate court in the proceeding and that its order and judgment approving the sale was erroneous only and not void for want of jurisdiction. However, this case was overruled in this court en banc in Miller v. Staggs, 266 Mo. 449, 181 S. W. 116, also involving the same issues. We there approved as the correct rule the rule announced in Carder v. Culbertson, supra.

We have been cited to, and have been able to find, only one case which discusses the statutory provision here involved. In Tummons v. Stokes (Mo. App.), 274 S. W. 528; certiorari denied in

State ex rel. Tummons v. Cox, 313 Mo. 672, 282 S. W. 694; decided in the Springfield Court of Appeals, Judge BRADLEY, speaking for the court, said: "It is our conclusion that Section 10789 (R. S. Mo. 1919, now Sec. 8013, R. S. Mo. 1929) makes it mandatory that the proposed change or vacation asked for by petitioners in the cause at bar be 'examined and approved' by the highway engineer before the county court has any lawful right or jurisdiction to make the order vacating the road. We see no escape from this conclusion."

The statute says that no county court shall make an order changing a road without first obtaining the approval of the county highway engineer and unless we are willing to allow this provision of the law to perish by construction, it must be upheld. We hold that the order of the county court is void because of its failure first to obtain the county highway engineer's approval. The circuit court therefore had no jurisdiction and its judgment should be reversed. It is so ordered. All the judges concur, except *Hays, J.,* absent.