Teresa WELCH, Appellant,

v.

EASTWIND CARE CENTER, Respondent.

No. WD 49734.

Missouri Court of Appeals, Western District.

Jan. 10, 1995.

Mario Mandina, Kansas City, for appellant.

Hollis H. Hanover, Kansas City, for respondent.

Before FENNER, C.J., P.J., and HANNA and LAURA DENVIR STITH, JJ.

FENNER, Chief Judge.

Appellant, Teresa Welch, appeals the decision of the Labor and Industrial Relations Commission (the Commission) denying her motion for change of judge.

The facts in this case are undisputed. On September 28, 1990, Teresa was injured in the course of her employment with Eastwind Care Center, Inc., a nursing home. On or about March 1, 1991, Teresa filed a Claim for Compensation with the Division of Workers' Compensation (the Division).

A hearing was held before the Division on January 20, 1993 in regard to an Application for Temporary Award filed by Teresa. On February 18, 1993, the Administrative Law Judge (ALJ), Mark Siedlik, denied Teresa's request for temporary medical treatment and temporary compensation. The ALJ issued findings of fact and rulings of law in connection with his order finding no temporary award to be warranted. In his findings, the ALJ stated, in part, as follows:

> The issues to be determined at this hearing is whether the claimant is entitled to additional medical treatment for her injuries of September 28, 1990, and whether temporary total disability benefits are due for any period of time lost for that treatment.

> The evidence at trial consisted of testimony of the claimant, her husband, Jerry Welch, and Vera Haynes, a neighbor of the claimant in person, as well as the deposition testimony of Dr. Gaines and Dr. Tillema, together with medical records and other documentary reports.

> \* \* \* \* \* \*

> I find after careful review of all the evidence and testimony together with the opinions of six different physicians including four orthopedic surgeons, a neurosurgeon and a physical medicine and rehabilitation specialist, that the greater weight of all credible evidence leads me to the conclusion that the claimant's request for additional treatment including surgery is to be denied. I find persuasive the combined opinions of the medical experts that the claimant is a poor surgical candidate and does now suffer from chronic back pain which will not be resolved by surgical intervention. I find despite the evidence as presented, including the final opinions as to permanent disability by three different physicians, including the claimant's chosen physician, that this case is not ripe for a final award, and return this matter to the hearing docket for the parties to prepare this matter for final disposition.

On April 21, 1994, Teresa received a Notice of Hearing advising her that her case would be set for a final hearing on May 19, 1994 before the Honorable Mark Siedlik. Teresa, by and through her attorney, filed an Application for Change of Judge on April 24, 1994. Thereafter, on May 20, 1994, the Division's Chief ALJ, Kenneth Cain, issued an order denying Teresa's motion for change of judge.[1] In his order, Judge Cain stated, in part, as follows:

> The statute provides that if the movant on a timely basis requests a change of judge it shall be so granted. Mo.Rev.Stat. 287.810 (1993). Nothing in the statute nor the regulations, however, provides that a change of judge may be granted where the request is made after the case has proceeded to a hearing and a judge has issued findings in the case. Therefore, the employee's motion is denied.

Teresa filed her Application for Review of Judge Cain's order to the Commission on May 27, 1994. Teresa contended that the ALJ's order of May 20, 1994 is erroneous because it is contrary to the plain language of section 287.810.1, RSMo 1986.[2]

On June 24, 1994, the Commission issued an order dismissing, on its own motion, the

---

1. Judge Cain indicated in his order that Teresa was orally advised prior to the May 19, 1994 hearing that her motion for a change of judge was denied.

2. All statutory references are to RSMo 1986 unless otherwise indicated.

Application for Review. The Commission found that it "lacks jurisdiction to review the Order Denying Employee's Motion for Change of Judge." This appeal followed.

In her sole point on appeal, Teresa argues that the Commission erred as a matter of law in its decision denying Teresa's request for a change of ALJ because the unambiguous language of section ·287.810 mandates that a change of ALJ shall be ordered in any hearing upon the filing of a timely request.

The issue here is not one of the wisdom of the statutory rule, nor is it whether the rule is in accord with the rule which applies to a change of judge in civil cases. The sole issue before the court is one of statutory interpretation, that is, whether the language of section 287.810 required the Commission, under the circumstances of the case at bar, to order a change of judge when presented with a timely application for a change of judge.

 The primary rule of statutory construction requires this court to ascertain the intent of the legislature by considering the plain and ordinary meaning of the words used in the statute. *Jones v. Director of Revenue*, 832 S.W.2d 516, 517 (Mo. banc 1992). Where the language of the statute is clear and unambiguous, there is no room for construction. *Id.* Courts are without authority to read into a statute a legislative intent contrary to the intent made evident by the plain language. *Kearney Special Road Dist. v. County of Clay*, 863 S.W.2d 841, 842 (Mo. banc 1993). Each word, clause, sentence and section of a statute should be given meaning. *Hadlock v. Director of Revenue*, 860 S.W.2d 335, 337 (Mo. banc 1993).

Section 287.810 provides as follows:

1. A change of administrative law judge *shall be ordered* in *any hearing* held under this chapter upon the filing of a written application for such change by any party or his agent or attorney. *The application need not allege or prove any cause for such change of administrative law judge, and need not be verified.*

2. An application for change of administrative law judge must be filed at least thirty days before the hearing date or within five days after a hearing setting date has been made, whichever date is later, unless the administrative law judge who will hear the case has not been designated within that time, in which event the application may be filed within ten days after the administrative law judge has been designated or at any time prior to the hearing, whichever date is earlier.

3. An application for change of administrative law judge may be made by one or more parties, but *each party is limited to one such change of judge.*

4. *Upon the presentation of a timely application for the change of an administrative law judge, the commission shall promptly sustain the application and shall designate another administrative law judge* (emphasis added).

 The use of "shall" in a statute is indicative of a mandate to act. *Missouri Society of American College of General Practitioners in Osteopathic Medicine and Surgery v. Roderick*, 797 S.W.2d 521, 524 (Mo.App.1990). The general rule is that use of "shall" is mandatory and not permissive. *Id.*

 The plain language of section 287.810 mandates that a change of ALJ shall be ordered in *any hearing* held under Chapter 287 upon the filing of a written application for such change. The language of section 287.810.4 is clear that upon presentation of a timely application for change of ALJ, the commission must promptly sustain the application and must designate another ALJ.

Respondent suggests that this rule will allow multiple changes of judge before each of the many hearings which may be held on individual issues in a case. However, each party is limited to one such change of judge. § 287.810.3. Therefore, once a party has exercised their right to a change of judge, in a given case, that party is not entitled to another change of judge, in a subsequent hearing, in that case, under the terms of § 287.810.

 In the case at bar, Teresa timely filed her application for change of judge. Under section 287.810, the Commission was required to sustain the application promptly and designate another ALJ. The Commis-

sion's failure to do so in the case at bar was in error.

 Finally, respondent's argument that the final hearing set for May of 1994 was not separate and independent from the hearing on the temporary award, held on January 20, 1993, is without merit. Section 287.510 states as follows:

> In any case a temporary or partial award of compensation may be made, and the same may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount thereof may be doubled in the final award, *if the final award shall be in accordance with the temporary or partial award* (emphasis added).

The language of section 287.510 recognizes that the final award may not be in accordance with the temporary or partial award. The legislature clearly contemplated that the ALJ may render a decision in a final hearing which differed from that of the temporary or partial award.

The Commission's decision is reversed and the case is remanded for the Commission to sustain appellant's application and designate another ALJ.

All concur.