**Jeffrey DILALLO,**
**Claimant/Respondent,**

v.

**CITY OF MARYLAND HEIGHTS,**
**Employer/Appellant.**

**No. 74841.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 18, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 1999.

Application for Transfer Denied
Aug. 24, 1999.

Raymond J. Flunker, Jeffrey M. Proske, Evans & Dixon, L.L.C., St. Louis, for appellant.

Daniel E. Reuter, St. Louis, for respondent.

Before PAUL J. SIMON, P.J., KATHIANNE KNAUP CRANE, J., and LAWRENCE E. MOONEY, J.

PER CURIAM.

In this worker's compensation case, employer, the City of Maryland Heights, appeals from the final award of the Labor and Industrial Relations Commission ("Commission") affirming the award and decision of the Administrative Law Judge (ALJ) to claimant, Jeffrey Dilallo, for back injuries claimant sustained while on duty as a police officer for employer. The Commission awarded claimant unpaid medical expenses of $14,706.20, past due temporary total disability benefits of $13,357.07, and permanent partial disability benefits of $29,937.60. Employer contends that the Commission erred in failing to find that the doctrine of res judicata applied to the temporary award. Employer also claims the Commission erred in that the ALJ erroneously admitted a physician's deposition and another physician's medical report into evidence at the final hearing and that the Commission erred in finding claimant met his burden of proving medical causation for his herniated disc and tinnitus. We affirm.

Claimant was employed by the City of Maryland Heights as a police officer from 1991 to June 23, 1996. While he was on duty on August 10, 1994, claimant was injured when a truck rear-ended him at a stop sign.

Claimant thereafter filed a report of injury with the Division of Workers' Compensation and a claim for compensation. After the temporary hearing ALJ Edwin J. Kohner issued a temporary or partial award on June 6, 1996 in which he concluded that the June, 1995 injury to claimant's lower back was "not a compensable injury under the Missouri Workers' Compensation statute." The temporary award indicated that it was subject to further order and the case was to be kept open until a final award could be made. At the final hearing ALJ William L. Newcomb took administrative notice of the temporary award and attached exhibits and received additional exhibits from both parties. ALJ Newcomb ruled the temporary award was not res judicata on the issue of causation, that additional significant evidence on causation was presented, and, based thereon, that employer was liable for claimant's medical expenses for his discectomy surgery. The Commission issued a final award allowing compensation in which it agreed that the temporary award was not res judicata, and affirmed ALJ Newcomb's award and decision.

■ For its first point employer contends the Commission erred in finding the temporary award was not res judicata on the issue of medical causation. Employer claims that under the doctrine of res judicata ALJ Kohner's determination in the temporary award that "no credible substantial evidence that the August 1994 auto

accident caused the herniated disc and associated lost time from work and medical care required after June 23, 1995" should have prevented any contrary ruling by ALJ Newcomb in the final hearing.

■ Used in its broad sense "res judicata" refers to both issue preclusion and claim preclusion, as expressed in the following rule:

"[A]n existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction."

*Civic Plaza Nat. Bank of Kansas City v. University Nursing Home, Inc.*, 504 S.W.2d 193, 199 (Mo.App.1973) (quoting 46 Am.Jur.2d, Judgments, Section 394). Res judicata used in its more limited sense refers only to claim preclusion which "operates as a bar to the reassertion of a cause of action which has previously been adjudicated in a proceeding between the same parties or those in privity with the parties." *State ex rel. Shea v. Bossola*, 827 S.W.2d 722, 723 (Mo.App.1992). For res judicata to apply, a final judgment on the merits must have been entered in the underlying action. *Homar Enterprises, Inc. v. Daake*, 957 S.W.2d 353, 357 (Mo.App. 1997).

■ Temporary or partial awards are not subject to the principles of either claim or issue preclusion. They are not final judgments on the merits but are subject to modification. *Korte v. Fry–Wagner Moving & Storage Co.*, 922 S.W.2d 395, 397–98 (Mo.App.1996). A temporary or partial compensation award "may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made...." Section 287.510 RSMo (1994). This language recognizes that the final award may differ from the temporary or partial award. *Welch v. Eastwind Care Center*, 890 S.W.2d 395, 398 (Mo.App.1995). "The legislature clearly contemplated that the ALJ may render a decision in a final hearing which differed from that of the temporary or partial award." *Id.* Further, the weight of the evidence and the credibility of the witnesses are ultimately for the Commission.

The Commission did not exceed its authority in adopting ALJ Newcomb's findings that claimant's disc herniation resulted from the August, 1994 accident. Point one is denied.

With respect to the other points raised on appeal, the findings and conclusions of the Commission are not clearly erroneous, and an extended opinion would have no precedential value. The remainder of the award is affirmed pursuant to Rule 84.16(b).

■ The Commission's award is affirmed.[1]

**1.** Employer's motion to strike claimant's brief on the grounds that claimant's points relied on do not comply with Rule 84.04(d) is denied. Claimant has a section of his brief designated as a response to the points relied on which contains a numbered responsive statement to each of employer's points, followed by authorities. This is sufficient to comply with Rule 84.04(f) which requires a respondent's brief to follow "the order" required of an appellant's brief. Rule 84.04 does not require a respondent to phrase its response to the points relied on in the same manner as an appellant is required to phrase its points in Rule 84.04(d).