Honorable Jon Dolan State Representative, District 13 State Capitol Building, Room 135BC Jefferson City, MO 65101-6806
Dear Representative Dolan:
You have asked this office whether a recorder of deeds may waive the statutory fees for the recordation of documents which execute that county's real estate transactions. You have also asked whether the governing body of the county may order the recorder to waive such fees.
The duties of recorders of deeds and ex-officio recorders of deeds are set forth generally in Chapter 59, RSMo.[1] Section 59.240 provides in pertinent part:
 The recorder of deeds of each county of the first class not having a charter form of government and of each county of the second class shall charge, receive and collect in all cases every fee, charge, or money due his office by law. . . . All fees, charges and moneys collected by the recorder of deeds shall be the property of the county.
Section 59.250 which applies to third class counties that have a separate circuit clerk and recorder, requires in pertinent part, that:
 2. It shall be the duty of the recorder of deeds to charge, receive and collect in all cases every fee, charge or money due his office by law. . . . All fees, charges and moneys collected by the recorder of deeds shall be the property of the county.
Section 59.260 provides in pertinent part:
 It shall be the duty of the circuit clerk and recorder of counties of the third class, wherein the offices shall have been combined, and in all counties of the fourth class, to charge and collect for the county in all cases every fee accruing to his office as recorder of the county to which he may be entitled under the law, . . . It shall be the duty of the circuit clerk and recorder, . . . to forthwith pay over to the county treasurer, all moneys that shall have been collected by him as recorder during the month. . . .
Charter counties are allowed to determine, in their charter, the powers and duties of county officers prescribed by the Constitution and the statutes of the state. Article VI, Section 12(b) of the Missouri Constitution. It is, therefore, the charter that establishes the officer with the responsibility for recording documents and the fee, if any, to be charged for such recordation. You have asked whether such charter counties can provide that the officer with the responsibility for collecting such fees waive such fees for instruments recorded for that county. It is a long-standing policy of this office to not opine as to the construction or validity of a local government's ordinance. Therefore, this opinion will not address your questions as they apply to provisions in charters for those counties with a charter form of governance.
There are numerous provisions that require the collection of fees by recorders of deeds. An example is:
Section 59.319 which provides:
 1. A user fee of four dollars shall be charged and collected by every recorder in this state, over and above any other fees required by law, as a condition precedent to the recording of any instrument. The state portion of the fee shall be forwarded monthly by each recorder of deeds to the state director of revenue, and the fees so forwarded shall be deposited by the director in the state treasury. Two dollars of such fee shall be retained by the recorder and deposited in a recorder's fund and not in county general revenue for record storage, microfilming, and preservation, including anything necessarily pertaining thereto. The recorder's funds shall be kept in a special fund by the treasurer and shall be budgeted and expended at the direction of the recorder and shall not be used to substitute for or subsidize any allocation of general revenue for the operation of the recorder's office without the express consent of the recorder. The recorder's fund may be audited by the appropriate auditing agency, and any unexpended balance shall be left in the fund to accumulate from year to year with interest.
 2. An additional fee of three dollars shall be charged and collected by every recorder in this state, over and above any other fees required by law, as a condition precedent to the recording of any instruments specified in subdivisions (1) and (2) of section 59.330. The fees collected from this additional three dollars per recorded instrument shall be forwarded monthly by each recorder of deeds to the state director of revenue, and the fees so forwarded shall be deposited by the director in the state treasury.
 3. The state treasurer and the commissioner of administration shall establish an appropriate account within the state treasury and in accordance with the state's accounting methods. Any receipt required by this section to be deposited in the general revenue fund shall be credited as follows: the amount of one dollar for each fee collected under subsection 1 of this section to an account to be utilized for the purposes of sections 60.500 to 60.610, RSMo; the amount of one dollar for each fee collected under subsection 1 of this section to an account to be utilized by the secretary of state for additional preservation of local records; and the amount of three dollars collected under subsection 2 of this section into the Missouri housing trust fund as designated in section 215.034, RSMo.
As stated within that section, the fees described therein apply to every recorder of deeds.[2]
Statutory provisions can be either directory or mandatory. A directory provision in a statute
 [I]s a mere direction or instruction of no obligatory force, and involving no invalidating consequence for its disregard, as opposed to an imperative or mandatory provision, which must be followed. . . .
. . . .
 . . . A statute is mandatory when the provision of the statute is the essence of the thing required to be done; otherwise, when it relates to form and manner, and where an act is incident, or after jurisdiction acquired, it is directory merely.
Black's Law Directory, 460-61 (6th ed. 1990).
In this context, the issue is whether the recorder of deeds is required to collect the fees for recording documents for the same county in which the recorder serves. Missouri courts have addressed the dichotomy between directory and mandatory statutory provisions in a variety of settings. Often it is stated that a mandatory statute uses the word "shall" while a directory statute uses "may." State ex inf. McKittrickv. Wymore, 119 S.W.2d 941 (Mo.banc 1938). The cited provisions regarding the collection of fees use the verb "shall." It is also stated, however, that a directory statute "is one the observance of which is not necessary to the validity of the proceeding." State ex rel. Ellis v.Brown, 33 S.W.2d 104 (Mo.banc 1930).
Recorders are required to accept certain documents for the recordation and are authorized to collect fees for that function. The function that is the essence of the recorder's duties is the recordation of the documents, which is a mandatory duty. The collection of the fees is to offset the costs incurred by the recorder performing his duties. As such, it would appear that the mandatory provisions are those requiring the recordation of documents, while the collection of the fees, although certainly important to maintaining the office, is not the essence of the function of recordation, thereby being directory. See Morris v. Karr,114 S.W.2d 962 (Mo. 1938).
As with statutory construction generally, the purpose of determining whether a statute is mandatory or directory is to ascertain the legislative intent, which is dependent upon the purpose of the enactment. Missouri Society of American College of General Practitionersin Osteopathic Medicine and Surgery v. Roderick, 797 S.W.2d 521 (Mo.App. 1990). Another tenet in determining whether a statute is directory or mandatory is that when a statute provides the consequences for failure to follow its terms it is a mandatory statute, while a statute which does not prescribe consequences for a failure to act is usually directory.Garzee v. Sauro, 639 S.W.2d 830 (Mo. 1982). There are no specific consequences delineated to the recorder if the recorder does not collect the fees for recordation of a document.
However, different standards apply when there is an official duty in the interest of the public. When a duty is imposed upon a public officer that officer has no discretion and the duty must be performed. State exrel. McTague v. McClellan, 532 S.W.2d 870 (Mo.App. 1976).
Section 59.320 provides:
 The recorder shall not be bound to make any record for which a fee may be allowed by law other than records made for a political subdivision of this state, unless such fee shall have been paid or tendered by the party requiring the record to be made. The recorder may make records for political subdivisions of this state or any officer thereof without payment or tender of payment prior to the making of the record and may bill the political subdivision on a monthly basis for fees due for the making of such records.
This provision permits the recorder to refuse to make a copy of a record unless prepayment for the copy is tendered. The recorder is allowed to make copies for a political subdivision either without payment or delayed payment. However, this provision applies to the making of copies of documents for a political subdivision but does not refer to the recordation of documents for a political subdivision. By expressly permitting a recorder to supply free copies to a political subdivision, but by being silent regarding fees for recording documents, the conclusion is that a recorder cannot supply recordation services free of charge. Giloti v. Hamm-Singer Corp., 396 S.W.2d 711 (Mo. 1965).
The recorder does not retain all the fees collected for the documents he accepts for recording. For example, Section 50.1190 provides:
 In addition to the fees collected under chapter 59, RSMo, the county recorder of deeds in all counties, except in counties of the first classification having a charter form of government and any city not within a county, shall collect a six-dollar fee on all documents recorded or filed. The recorder shall transfer monthly all such fees and interest to the county treasurer. The treasurer shall forthwith transmit such fees and interest to the board for deposit in the county employees' retirement fund.
Section 59.319.1 provides for the collection of an additional four dollars as a "condition precedent to the recording of any instrument." Two dollars of that fee is to be forwarded to the state director of revenue. Section 59.319.2 requires the collection of an additional three dollars for the recording of instruments specified in Section 59.330.1 and .2, which fees in their entirety are to be forwarded to the state treasury. If a recorder fails to charge its county the fees required in Sections 50.1190, 59.319.1, and 59.319.2, the recorder would be depriving the county employees' retirement fund and the state fees to which they are entitled.
Fees collected by recorders become property of the county the recorder serves. See, e.g., Sections 59.227, 59.230, 59.240, 59.250, and 59.260. However, as explained above, some of those fees go to the director of revenue of the state, while still some go the county employees' retirement fund. Recorders of deeds who waive those fees would be depriving entities due those fees. Allowing recorders to selectively waive fees would frustrate the legislative intent that recordation fees be collected and distributed as directed in the various fee provisions.
 CONCLUSION
Recorders of deeds and ex-officio recorders of deeds do not have the authority to waive fees for recording instruments for the county in which they serve as recorder.
Very truly yours,
JEREMIAH W. (JAY) NIXON
Attorney General
[1] All references are to RSMo 2000 unless otherwise stated.
[2] There are numerous statutory provisions regarding the collection of fees for various functions of the recorder. We will not unduly lengthen this opinion with an exhaustive list; however, the fees are for such divergent tasks as recording marriage licenses (Section 193.195) and filing and preserving the plots of consolidated levee districts (Section245.030).