**Paul Grayson NEAL, Jr., Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE of Missouri, Respondent–Appellant.**

No. SD 29758.

Missouri Court of Appeals,
Southern District,
Division One.

May 26, 2010.

Chris Koster, Attorney General, and Eva Holtz Haviv, Special Assistant Attorney General, Jefferson City, MO, for Appellant.

Wayne Gifford, Waynesville, MO, for Respondent.

DON E. BURRELL, Judge.

The Director of Revenue ("the Director") revoked for one year the driving privileges of Paul Grayson Neal, Jr. ("Driver") for refusing to submit to a breath test, a violation of section 577.041.3, RSMo Cum.Supp.2006.[1] Driver filed a petition for a trial *de novo* in the circuit court pursuant to section 577.041.4.[2] After refusing to grant the Director's request for a continuance, the circuit court held a hearing on Driver's petition and entered a judgment ordering the Director to reinstate Driver's driving privileges.[3]

The Director now appeals, asserting the trial court erred "because [it] erroneously declared and applied the law in section 517.071.1" when it denied the Director's request for a continuance. Because section 517.071.1 mandates a continuance under the circumstances present in the case at bar, we reverse the judgment of the circuit court and remand the matter for a new trial on Driver's petition.

**Factual and Procedural History**

The Director was served with notice of Driver's petition on February 25, 2009. The return date on the summons was March 11, 2009, at 1:30 p.m., fifteen days after the date of service. The court held a hearing on Driver's petition on the return date as set forth above. Counsel for the Director did not appear at the hearing but had mailed an entry of appearance and

---

1. Unless otherwise indicated, all statutory references are to RSMo 2000.

2. This statute actually states that a person whose license has been revoked "may petition for a hearing before a circuit or associate circuit court...." Section 577.041.4, RSMo Cum.Supp.2010. Perhaps as effectively as Don Quixote battled windmills in The Man of La Mancha, we continue to "point[ ] out, as emphatically as we know how, that there is no 'associate circuit court' in the Missouri court system!" *Robinson v. Director of Revenue*, 949 S.W.2d 907, 910 (Mo.App. S.D.1997) (noting that the Missouri Constitution was amended by a vote of the citizens in 1976 to abolish the then-existing separate trial courts and consolidate them into what is now one "circuit court").

3. The transcript of the hearing, conducted before an associate circuit judge, is 29 lines long and consists of the court announcing the case; the attorney for Driver entering his appearance; the court noting that no one appeared on behalf of the Director; a short discussion about whether the Director had effectively asked for a continuance of the hearing; and the following exchange:

> THE COURT: All right. [attorney for Driver], are you ready to proceed?
> ATTORNEY FOR DRIVER: Yes, Your Honor.
> THE COURT: All right. Well, the State has the burden—the Director has the burden in this matter, and the Court will find that the Director has not met its burden. Do you wish to proceed with any evidence on your behalf?
> ATTORNEY FOR DRIVER: And that's— Under those circumstances, no, Your Honor.

motion for continuance that arrived at the courthouse on the day of the hearing.

After the hearing concluded, the court entered a "Judgment Ordering Return of Drivers License" that ordered the Director to reinstate Driver's license and driving privileges ("the reinstatement judgment"). The reinstatement judgment noted that although the Director's motion for continuance had not yet made its way to the court file when the court held its hearing on Driver's petition, Driver's counsel brought the matter to the court's attention by informing the court that he had received a copy of the Director's entry of appearance and request for continuance.

The reinstatement judgment addressed the Director's request for continuance as follows: "The Court finds that, even if the said documents were in the Court file that the Request for Continuance is not a Motion which is self-executing and that the Request would have to be presented to the Court by an attorney before the same could be ruled upon."

On March 16, 2009, the Director filed a "Motion to Set Aside Default" which asserted the reinstatement judgment should be set aside pursuant to Rule 74.05(d)[4] because "30 days had not passed since the date of service. [The Director] mailed her Answer and Request for Continuance in this matter to the Court on February 9, 2009." The Director also claimed she had a meritorious defense to Driver's petition because "[Driver] was arrested upon probable cause of driving while intoxicated and refused to submit to a chemical test of his blood alcohol content."

On March 25, 2009, a hearing was held on the Director's motion to set aside the reinstatement judgment. The next day, the court refused to set aside the reinstatement judgment in a written "Judgment Denying Motion to Set Aside Default" which noted that the reinstatement judgment was not entered by default but was entered after "a trial held on the return date of the summons in associate circuit court wherein the trial is held on the return date of the summons, pursuant to the applicable statutes governing associate circuit courts."[5] The Director's appeal timely followed.

### Analysis

In reviewing a court-tried case, we will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Chapter 517 of the Revised Statutes of Missouri contains the procedures that apply to cases brought "before certain associate circuit judges." Section 517.011 states that the provisions of chapter 517 apply to all cases arising under chapter 577. Section 517.011.1; 517.011.1(3). Because Driver's petition was filed pursuant to section 577.041, the provisions of chapter 517 apply.

Section 517.051 provides that "[e]very case shall be tried upon the return date of the summons, when the summons has been duly and timely served, or on a date to

---

4. All rule references are to Missouri Court Rules (2009).

5. Although the trial court also made reference to the non-existent "associate circuit court" (see footnote 2), it did correctly note that its judgment was not entered by default and that the hearing on Driver's petition was governed

by the procedures set forth in chapter 517. As a result, a challenge to a judgment reinstating driving privileges pursuant to section 577.041 based solely on Rule 74.05(d) may properly be denied. *See Hibbard v. Director of Revenue*, 208 S.W.3d 317 (Mo.App. E.D. 2006).

which the case has been continued." Section 517.071.1 provides that "[a] case *shall* be continued to a day certain upon the request of any party made on or before the return date of the summons." (Emphasis added). This is in contrast to section 517.071.2, which states that "[a] case *may* be continued to a day certain, not exceeding thirty days," upon (1) motion of the judge; (2) the agreement of the parties; or (3) the application of a party and for good cause shown. Section 517.071.2(1)–(3) (emphasis added).

"The use of 'shall' in a statute is indicative of a mandate to act. The general rule is that use of 'shall' is mandatory and not permissive." *Welch v. Eastwind Care Ctr.*, 890 S.W.2d 395, 397 (Mo.App. W.D.1995) (quoting *Missouri Soc'y of Am. Coll. of Gen. Practitioners in Osteopathic Med. & Surgery v. Roderick*, 797 S.W.2d 521, 524 (Mo.App. W.D.1990)).

We find the legislature's use in section 517.071 of both "shall" and "may" in connection with requests for continuances made under different circumstances clearly indicates an intent to make mandatory the continuance of a matter when the request meets the requirements of section 517.071.1. In the case at bar, the Director's request for a continuance was made on or before the return date—the only requirement set forth in section 517.071.1. It does not require an attorney to personally appear and argue the request. The circuit court's refusal to grant a continuance under these circumstances constituted a misapplication of the law.

The reinstatement judgment is reversed, and the matter is remanded for a new trial on Driver's petition.

BARNEY, J., and BATES, P.J., Concur.