**Richard BOEHM and Beverly Boehm, Respondents,**

v.

**Mendy ALLEN, Appellant.**

**WD 80428**

Missouri Court of Appeals,
Western District.

Filed: July 25, 2017

Michael T. Carney, Columbia for appellant.

David G. Bandré, Jefferson City for respondent.

Before Division One: James E. Welsh, Presiding Judge, Lisa White Hardwick and Gary D. Witt, Judges

Lisa White Hardwick, Judge

Mendy Allen appeals from the circuit court's judgment in favor of her former landlords, Richard and Beverly Boehm, in an unlawful detainer action. Allen contends the court erred in: 1) denying her request for a continuance; and 2) failing to record the trial proceeding. For reasons explained herein, we reverse and remand.

### FACTUAL AND PROCEDURAL HISTORY

On November 3, 2016, Richard and Beverly Boehm filed a petition for unlawful detainer[1] in the Associate Division of the Cole County Circuit Court against their

1. We note that the Boehms' pleading was titled as a "Petition for Rent and Possession," but both parties agree that the factual allegations only supported a claim of unlawful detainer pursuant to section 534.030. Thus, irrespective of the caption, the petition asserted a claim for unlawful detainer. *See Temple v.*

*McCaughen & Burr, Inc.*, 839 S.W.2d 322, 326 (Mo. App. 1992) (stating that "the character of the cause of action must be determined from the factual allegations, without regard to the caption or name assigned by the pleader").

tenant, Mendy Allen, seeking possession of the property located at 2928 South Ten Mile Drive, Jefferson City, Missouri. Allen was served with the petition on November 10, 2016, and the return date on the summons was December 20, 2016.

On December 15, 2016, Allen filed a motion for continuance of the December 20 return date. The Boehms filed suggestions in opposition to the continuance, asserting that they were not seeking any unpaid rent, "but want only possession of the property in an exigent manner." At a hearing on December 20, 2016, with both parties represented by counsel, the associate circuit judge denied Allen's continuance motion and proceeded to trial. No record was made of the proceeding. Regarding the merits of the petition, the court entered judgment in favor of the Boehms. The judgment stated that Allen was permanently evicted from 2928 South Ten Mile Drive and ordered her to vacate the premises by January 4, 2017, at 12:00 p.m. The judgment authorized the Cole County Sheriff's Department to enforce the order "if necessary" by forcefully gaining access to and removing Allen from the premises.

On December 28, 2016, Allen filed a motion to set aside the judgment, which the court denied on January 3, 2017. On January 5, the Cole County Sheriff's Department served Allen with an Order of Execution for Possession of 2928 South Ten Mile Drive, and she vacated the premises. Allen then filed a notice of appeal and requested certified copies of the hearing transcript from the circuit clerk. In response, the clerk sent Allen a letter stating that "it has been determined that the matter was not required to be sound recorded or a trial by the court was not held, and therefore, a sound recording does not exist." Allen appeals the judgment of eviction.

## STANDARD OF REVIEW

On appeal from an unlawful detainer action, our standard of review is the same as set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *JP Morgan Chase Bank v. Tate*, 279 S.W.3d 236, 237 (Mo. App. 2009). We will affirm the judgment "unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law or it erroneously applies the law." *Id.* at 237–38.

## ANALYSIS

### Motion to Dismiss Appeal

The Boehms filed a motion to dismiss this appeal as moot. Specifically, they argue that relief can no longer be granted by this court because Allen vacated the subject property at 2928 South Ten Mile Drive, and the property has since been relet to new tenants.

"As a threshold matter, appellate courts must determine if a controversy is moot." *Dotson v. Kander*, 435 S.W.3d 643, 644 (Mo. banc 2014). " 'When an event occurs that makes a decision on appeal unnecessary or makes it impossible for the appellate court to grant effectual relief, the appeal is moot and generally should be dismissed.' " *P.M. Constr. Servs. Inc. v. Lewis*, 26 S.W.3d 284, 287 (Mo. App. 2000) (citation omitted). By performing acts inconsistent with the right to appeal or which recognize the validity of the judgment, a party may estop herself from appealing a judgment. *Id.*

In *P.M. Construction*, the court considered the mootness of an appeal from an unlawful detainer action in which the appellant vacated the premises after an eviction judgment was entered. *Id.* The respondent filed a motion to dismiss, arguing that the appellant had acquiesced to the judgment by voluntarily moving out. *Id.* The respondent attached an affidavit from its agent stating that appellant had volun-

tarily surrendered the property to him. *Id.* In response, the appellant contended that she was involuntarily removed from the residence based on a notice from the local sheriff's office that she had five days to vacate the premises. *Id.* Ultimately, because there was "conflicting evidence about whether [the appellant] 'recognized the validity of the judgment' by voluntarily leaving the property at issue," the court determined there was not a clear showing of mootness and denied the motion to dismiss. *Id.*

Likewise, in this case, the record indicates that Allen did not voluntarily surrender the property. The eviction judgment was entered against her on December 20, 2016. Allen did not vacate 2928 South Ten Mile Drive until the day she was served with an Order of Execution for Possession by the Cole County Sheriff's Office on January 5, 2017. If Allen had not immediately complied with the order, the Sheriff had authority to forcefully enter and remove her from the premises. Thus, we cannot conclude that Allen voluntarily acquiesced to the judgment rendered against her in the unlawful detainer action. The Boehms' motion to dismiss the appeal is denied.

**Motion for Continuance**

In Point I, Allen contends that the circuit court erred in denying her motion for continuance. Allen argues that because she filed her request for a continuance before the return date of the summons, the court was required to continue the unlawful detainer case. We agree.

Chapter 517[2] provides the procedures applicable to certain actions brought before associate circuit judges, including unlawful detainer actions arising under Chapter 534. § 517.011. Regarding continuances, section 517.071.1 provides that "[a] case *shall* be continued to a day certain upon the request of any party made on or before the return date of the summons." (emphasis added). "The use of 'shall' in a statute is indicative of a mandate to act. The general rule is that use of 'shall' is mandatory and not permissive." *Neal v. Dir. of Revenue, State,* 312 S.W.3d 444, 447 (Mo. App. 2010) (internal quotations and citation omitted). Where a request meets the requirements of section 517.071.1, the continuance is mandatory, and a circuit court's refusal to grant the continuance constitutes a misapplication of the law warranting reversal. *Id.*

The Boehms argue that Allen's continuance motion failed to comply with Local Rule 34.1 of the 19th Judicial Circuit, which applies to civil cases and permits the court to grant continuances upon good cause shown by a written motion and supporting affidavit. Because the continuance motion under section 517.071.1 is not permissive based on a showing of good cause, the local rule cannot be applied to void the statutory requirement.

In this case, Allen filed a motion for continuance on December 15, 2016, and the return date on the summons was December 20, 2016. There is no dispute that Allen's request for a continuance was made on or before the return date of the summons. Allen was not required to take any further action to comply with section 517.071.1. Accordingly, the court misapplied the law in refusing to grant a continuance. We reverse the judgment and remand the cause for a new trial on the Boehms' petition.

**Lack of Record on Appeal**

In Point II, Allen contends that the court erred in failing to record the unlaw-

**2.** All statutory references are to the Revised Statutes of Missouri 2016, unless otherwise indicated.

ful detainer proceeding.[3] She asserts that the absence of a recording and transcript prevents her from challenging the sufficiency of the evidence on appeal.

Section 512.180 governs appeals from cases tried before associate circuit judges. With the exception of certain cases that are subject to trial de novo, in all other contested civil cases tried before an associate circuit judge, including an unlawful detainer case, "a record shall be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court." § 512.180.2. Chapter 534 also mandates that unlawful detainer cases "shall be heard on the record." § 534.060.

In this case, no recording or other record was made of the December 20, 2016 hearing on the Boehms' petition for unlawful detainer. As a result, Allen could not provide this court with a transcript of the hearing and was thereby limited in contesting the sufficiency of the evidence on appeal. In cases under section 512.180.2, "where there is an incomplete record on appeal because no record was made of the trial court proceeding, we must reverse the judgment of the trial court and remand so that a proper record can be made." *A.L.C. v. D.A.L.*, 421 S.W.3d 569, 570 (Mo. App. 2014). Accordingly, we reverse the judgment and remand for a new trial.

### CONCLUSION

The judgment is reversed, and the cause is remanded for a new trial consistent with this opinion.

All Concur.

---

3. Although we are reversing on Point I, we find it necessary to address Point II, as the error alleged pertaining to the record is likely to recur on remand.