

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| RICK DARBY, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | No. SD35684 |
| vs. | ) | Filed: January 15, 2019 |
| | ) | |
| ANITA J. MASON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF HICKORY COUNTY

Honorable James A. Hackett, Associate Circuit Judge

## REVERSED AND REMANDED WITH DIRECTIONS

Anita J. Mason ("Mason") appeals the judgment of the trial court, in which the trial court granted judgment in favor of Rick Darby ("Darby")[1] for unpaid rent and court costs, and possession of certain premises. In two points, Mason asserts the trial court erred in denying her verbal motion for continuance, and for failing to make a record of the trial proceedings. Finding merit to Mason's first point, we reverse the judgment of the trial court and remand for further proceedings.

---

[1] Darby did not submit a brief in this appeal. While there is no penalty for failing to file a brief, this Court is forced to adjudicate Mason's claims of error without the benefit of whatever argument, if any, Darby might have raised. *McClain v. Kelley*, 247 S.W.3d 19, 23 n.4 (Mo.App. S.D. 2008).

## Facts and Procedural Background

This appeal derives from Darby's June 12, 2018 petition for rent and possession (Count I) and unlawful detainer (Count II) against Mason.  Return of service was filed on July 26, 2018. The return date was August 8, 2018, for which the trial court's docket entry indicates as follows:

> Plaintiff appears in person with attorney[.]  Defendant appears in person. **Defendant requests continuance**.  Plaintiff objects to continuance.  **Request denied**.  Trial held. Judgment for Rent and Possession entered against Defendant.  JAH
>
> Copy of judgment given to parties in person. jk

(Emphasis added).

The proceedings were not held on the record, and therefore no transcript is before this Court on appeal.

The trial court's judgment recites (in relevant part) as follows:

> Plaintiff appears in person and by attorney of record . . .; and **Defendant [Mason]**, **appears in person/appears not and is in default**.  [sic] Whereupon this cause being regularly called, the Plaintiff announces ready for hearing and presents evidence.
>
> After hearing all the evidence[,] the [c]ourt finds that the Defendant is in breach of her agreement with the Plaintiff and therefore unlawfully detaining the premises located at 18857 2nd Avenue, Wheatland, Hickory County, Missouri.
>
> The [c]ourt further finds that the issues in favor of the Plaintiff and against [Defendant Mason] as follows:
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff [Darby] have judgment against [Defendant Mason], for possession of the premises located at 18857 2nd Avenue, Wheatland, Hickory County, Missouri.
>
> IT IS FURTHER ORDERED that the Plaintiff be granted judgment against [Defendant Mason], in the amount of $1,400.00 as and for Rent; and court costs and service fees in the amount of $167.43; for a total amount due from [Defendant Mason], in the sum or [sic] $1,567.43 with said Judgment shall bear interest at the highest legal rate until paid.

On August 14, 2018, Mason's counsel, through Legal Aid of Western Missouri, filed a "Certificate of Inability to Pay Costs, Fees and Expenses," pursuant to section 514.040(3).[2]

Mason filed her "Amended Motion to Vacate Judgment and for New Trial" on August 15, 2018. Therein, she asserted that the trial court's denial of her request for continuance on the date of trial "was in violation of Sec. 517.071.1 RSMo and *Boehm v. Allen*, 524 S.W.3d 542 (Mo. App. 2017)." She further asserted that "[n]o record was made of the said proceedings, as required by Sec.[]512.180.2 RSMo.[,]" and that "[t]he Judgment was further entered incorrectly in that it states both that Defendant appeared and that Defendant did not appear and defaulted." A hearing was held on this motion on August 22, 2018, and the trial court denied the motion on August 24, 2018. This appeal followed.

In two points on appeal, Mason argues that the trial court erred by: (1) rejecting Mason's request for continuance at the August 8, 2018 trial; and (2) failing to hold the August 8, 2018 trial on the record.[3]

### Standard of Review

In a bench-tried case, we will affirm unless there is no substantial evidence to support the judgment, the judgment is against the weight of the evidence, or the trial court erroneously declares or applies the law. ***Murphy v. Carron***, 536 S.W.2d 30, 32 (Mo. banc 1976).

### Analysis

As Mason pointed out to the trial court in her "Amended Motion to Vacate Judgment and for New Trial," section 517.071.1 mandates that "[a] case **shall** be continued to a **day certain**

---

[2] All references to statutes are to RSMo 2000, unless otherwise indicated.

[3] Finding Mason's Point I dispositive, we need not address Point II.

3

***upon the request of any party <u>made on or before the return date of the summons</u>***.”  (Emphasis added).  Mason's request for continuance complied with section 517.071.1.

As the Western District of this Court recently indicated in ***Boehm v. Allen***, 524 S.W.3d 542, 544 (Mo.App. W.D. 2017):

> The use of 'shall' in a statute is indicative of a mandate to act.  The general rule is that use of 'shall' is mandatory and not permissive. Where a request meets the requirements of section 517.071.1, the continuance is mandatory, and a circuit court's refusal to grant the continuance constitutes a misapplication of the law warranting reversal.

(internal quotations and citations omitted).

Mason's Point I is granted.[4]  The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

WILLIAM W. FRANCIS, JR., P.J. - OPINION AUTHOR

DANIEL E. SCOTT, J. - CONCURS

MARY W. SHEFFIELD, J. - CONCURS

---

[4] Some further observations are also warranted in this appeal.  As Mason's Point II accurately points out, the trial court failed to hold these proceedings on the record, though required to do so, pursuant to section 512.180.2.  Additionally, the trial court's judgment says ***both*** that defendant:  (1) did not appear and was in default, and (2) appeared in person. There are significant differences between a default judgment and a judgment on the merits—this issue is all the more troubling in light of the trial court's failure to properly make a record of proceedings before it.  Furthermore, there were two counts in Darby's petition—(1) rent and possession, and (2) unlawful detainer.  These are distinct claims with distinct elements, which the judgment inappropriately conflates and confuses. (While associate court proceedings sometimes cede to the practice of on-the-spot signing of proposed judgments, the trial court is nevertheless responsible for anything it signs, and for assuring its judgments reflect the trial court's own fact-findings and the law).

In addition, the trial court did not amend its judgment to reflect non-assessment of costs against Mason, despite the fact that Mason's counsel filed a "Certificate of Inability to Pay Costs, Fees and Expenses" pursuant to 514.040(3). ***Kocina v. Johannes***, 505 S.W.3d 474, 479 (Mo.App. W.D. 2016) (where Mid-Missouri Legal Service, Corp. "made a determination that [defendant] was unable to pay the costs and expenses related to the suit and filed a Certificate of Inability to Pay Costs, Fees and Expenses with the court[,]" the Western District held that "the trial court did not have the discretion or legal authority to assess costs or fees against [defendant].").

These issues warrant the trial court's attention in this case, and in such future matters as may come before it.